# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREPORT DIVISION

MARIETTE KIMBLE WILSON, ET AL

VERSUS

BROWN CHRYSLER DODGE JEEP RAM
LLC, ET AL

CIVIL ACTION NO: 17-0316

JUDGE ELIZABETH ERNY FOOTE

MAGISTRATE JUDGE HAYES

## <u>**MEMORANDUM RULING**</u>

Before the Court is a Motion to Dismiss for Failure to State a Claim Upon Which

Relief Can Be Granted [Record Document 9] filed by Defendants Lt. Keith King ("King"),

Officer Joel Kendrick ("Kendrick"), and the City of Minden. Plaintiffs, Mariette Kimble

Wilson and John L. Wilson ("The Wilsons"), filed a motion in opposition. [Record

Document 17]. Thereafter, Plaintiffs filed an Amended Complaint to provide additional

facts in support of their claims. [Record Document 19]. In response, Defendants filed a

supplemental Motion to Dismiss First Amended Complaint for Failure to State a Claim

Upon Which Relief Can Be Granted. [Record Document 25] Plaintiffs oppose the

motion. [Record Document 27].[1] For the reasons assigned herein, Defendants' motions

are hereby **GRANTED IN PART** and **DENIED IN PART** as specified in the conclusion

of this ruling.

---

[1] Defendants incorporate the entirety of their original Motion to Dismiss into their second Motion to Dismiss. [Record Document 25-1 at 1]. Accordingly, the Court will consider the motions concurrently.

## BACKGROUND INFORMATION

The Wilsons are a married couple from Homer, Louisiana. [Record Document 19 at ¶ 2]. John Wilson is visually impaired and unable to operate a motor vehicle. Id. at ¶ 4. It is alleged that on or about February 15, 2016, Plaintiffs purchased a 2015 Dodge Charger from Brown Chrysler Dodge Jeep Ram, LLC ("Brown Chrysler" or "dealership"). Id. at ¶ 5.  Plaintiffs signed a contract, paid a $2000.00 down payment, and traded in a 2006 Chevrolet Impala. Id. The parties agreed upon the drafting of monthly payments from the Plaintiffs' bank account. Id.  Plaintiffs departed the dealership with the Dodge Charger, leaving the Impala with the dealership. Id. Plaintiffs maintain that their transaction with Brown Chrysler qualifies as a consumer transaction pursuant to Louisiana Revised Statute 51:1401 et seq. Id.

Thereafter, Brown Chrysler requested that Mariette Wilson return the vehicle because she allegedly failed a credit check. Id. at ¶ 6. Plaintiffs argue that as part of the sales transaction, Fred Shaffer ("Shaffer"), an employee of the dealership, verified Mariette Wilson's income and John Wilson's monthly disability payments. Id.  However, at the time of the transaction Mariette was recovering from a medical procedure and had missed time from work, which lowered her income. Id. Plaintiffs allege that the dealership used this temporary dip in Mariette Wilson's income to claim that the Wilsons had misrepresented their income to the dealership. Id.  When the dealership requested the return of the Dodge Charger, two payments in the amount of $293.38 each had

been drafted from the Wilson's bank account. Id. at ¶ 7. The dealership had also placed the Impala for sale and had begun the process of transferring the tags. Id.

On the advice of counsel, Mariette Wilson refused to return the Dodge Charger because she allegedly signed a valid and binding contract of sale. Id. at ¶ 8. She provided the dealership with her attorney's contact information, but claims no one from the dealership contacted her attorney. Id. Instead, Elliot Brown ("Brown"), co-owner of the dealership, Shaffer, and employee Judson Patrick Harper ("Harper") contacted the Minden Police Department for assistance in retrieving the car. Id. at ¶ 9. Plaintiffs allege that Brown, Shaffer, and Harper filed a criminal complaint, requesting that Plaintiffs be arrested. Id. Plaintiffs allege that Brown, Shaffer, and Harper were acting in the scope of their employment with the dealership when the criminal complaint was filed. Id. at ¶ 10. Plaintiffs also allege that the employees "either refused to disclose exculpatory information or misled police, or the police failed to consider statements of these defendants." Id.

Plaintiffs allege that King and Kendrick of the Minden Police Department were provided with ample information surrounding the vehicle sale, which was sufficient to demonstrate that no probable cause existed for their arrest. Id. at ¶ 11. Specifically, Plaintiffs allege that King and Kendrick were aware that Plaintiffs gave the dealership a $2000.00 down payment, trade-in vehicle, and cooperated in providing income information. Id. Plaintiffs contend that King and Kendrick "acting in concert" were provided a copy of the sales contract, and were aware that Plaintiffs were represented

by counsel regarding the dealership's request for return of the vehicle. Id. at ¶ 12. Despite this information, King and Kendrick failed to consider that Plaintiffs had entered into a valid sales contract, and failed to contact their attorney to discuss the matter. Id. Plaintiffs contend that King and Kendrick should have known that there was no probable cause for their arrest given that the dispute involved a civil matter, and King and Kendrick failed to investigate available exculpatory evidence. Id. Plaintiffs allege that "Lt. King, in concert with and acting with the knowledge of Officer Kendrick applied for a warrant" without informing the Judge of the exculpatory evidence surrounding the sale of the vehicle. Id. at ¶ 13. Plaintiffs further allege that King and Kendrick's actions were "in furtherance of the Minden Police Department's practice of assisting local merchants to recover property and rescind contracts without incurring the expense of a civil proceeding, even if probable cause to arrest is absent." Id.

The dealership, through Harper, also contacted Deputy James Spillers ("Spillers") of the Claiborne Parish Sheriff's Office. Id. at ¶10.[2] On March 1, 2016, Claiborne Parish Sheriff Deputies Jerry Nehl and Spillers arrested the Plaintiffs for the felony of Unauthorized Use of Motor Vehicle, allegedly without probable cause. Id. at ¶ 12.[3] John Wilson alleges that the deputies should have known there was no probable cause for his arrest because he is legally blind and cannot drive a vehicle. Furthermore, the

---

[2] The Court notes that Plaintiffs reside in Claiborne Parish. Brown Chrysler is located in Minden, Louisiana, which is in Webster Parish.

[3] Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the vehicle permanently. La. R.S. 14:68.4.

Plaintiffs allege that Spillers "knew the Plaintiffs deposited $2,000 cash and their trade in vehicle was in possession of Brown Dodge." Id. at ¶ 14. Plaintiffs were placed into custody at the Claiborne Parish Detention Center, and were transferred the next day to the Bayou Bodceau Detention Center. Id. Thereafter, Plaintiffs were released on bond. Id. Plaintiffs were formally charged with Unauthorized Use of a Movable or Motor Vehicle, and made several court appearances concerning the charge. Id. at ¶ 15. However, the charges were ultimately dismissed on June 14, 2016. Id.

Plaintiffs returned the Dodge Charger. Id. After retaining an attorney, Plaintiffs received a refund of all monies paid as well as their Chevy Impala. Id. Because it took several weeks for the dealership to return the Impala, Plaintiffs had to rent a vehicle during the interim. Id. Plaintiffs also allege that the dealership damaged their credit, making it difficult for them to finance a vehicle to replace the Impala. Id. at ¶16. These actions caused additional inconvenience, anxiety, embarrassment, and stress. Id. Mariette Wilson later hired a third party to repair her credit. Id.

Plaintiffs name the following Defendants in this matter: Brown Chrysler, Brown, Shaffer, Harper, the City of Minden, King in his official and individual capacities, Kendrick in his official and individual capacities, Claiborne Parish Sheriff in its official capacity, and Spillers in his official and individual capacities.

Plaintiffs assert claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution against the City of Minden, King, Kendrick, Spillers, Brown Chrysler, Brown,

Shaffer, and Harper. Id. at ¶ 17. Plaintiffs claim that Defendants violated their rights under the Fourth and Fourteenth Amendments of the Constitution. Id. at ¶¶ 18 and 20.

Plaintiffs also claim that the City of Minden is liable pursuant to section 1983 for its failure to adequately train King and Kendrick regarding sales contracts, unfair trade practices used by car dealerships, illegal debt collection practices, and the protections afforded to individuals under the Americans with Disabilities Act. Id. at ¶¶ 19 and 24. Plaintiffs also claim that the City of Minden failed to properly supervise King and Kendrick by failing to instruct them not to engage in unfair trade practices and illegal debt collection. Id. Plaintiffs also allege that the City of Minden is liable because it instituted a policy at the direction of the Chief of Police to assist car dealers with repossessing vehicles through the use of criminal laws rather than civil proceedings, regardless of probable cause. Id. Plaintiffs assert that this unconstitutional policy was the moving force behind their arrest in violation of the Fourth and Fourteenth Amendments. Id.

Plaintiffs also assert several state law claims against the Defendants, including: unlawful arrest, malicious prosecution, abuse of process, and unfair trade practices pursuant to La. R.S. 51:1401. Id. at ¶ 26.

**LEGAL STANDARD**

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. The court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted.  Iqbal, 556 U.S. at 678-679.   A court does not evaluate a plaintiff's likelihood for success, but instead determines whether plaintiff has pleaded a legally cognizable claim. United States ex rel. Riley v. St. Luke's Episcopal Hospital, 355 F.3d 370, 376 (5th Cir. 2004).  A dismissal under 12(b)(6) ends the case "at a point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558.

**LAW AND ANALYSIS**

**I.    Plaintiffs' Federal Claims** [4]

---

[4] To the extent Plaintiffs have asserted a claim for violations of their First Amendment right to free speech, Defendants move the Court to dismiss for failure to state a claim.  Plaintiffs state in both their Original and Amended Complaint: "this action is brought pursuant to 42 U.S.C. section 1983, First, Fourth, and Fourteenth Amendments of the United States Constitution." [Record Document 1 at ¶| 1 and Record Document 19 at ¶ 1]. This is the only mention of the First Amendment in either complaint.  The Court assumes the inclusion of the claim was inadvertent. However, to the extent a claim regarding the First Amendment was asserted, Plaintiffs have failed to provide any facts to support

## A.     Plaintiffs' Federal Claims against the City of Minden

Plaintiffs assert claims under 42 U.S.C. § 1983 against the City of Minden, alleging that the City instituted an unconstitutional policy of assisting local businesses in seizing property through criminal procedures without regard for probable cause. Plaintiffs also allege that the City of Minden failed to properly train King and Kendrick in the law concerning the unauthorized use of a movable, unfair trade practices, theft, and probable cause. Plaintiffs also assert that the City failed to properly supervise King and Kendrick, and directed its officers to engage in unfair trade practices and illegal debt collection procedures.

## I.     City of Minden's Policy Regarding Car Dealerships

A municipality cannot be held liable for the actions of its employees under the traditional respondeat superior theory. Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).   However, a municipality may be sued if it is "alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by officers of the municipality.  City of St. Louis v. Praprotnik, 485 U.S. 112, 121 (1988). Municipal liability under section 1983 requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).  An "official policy" can be evidenced through "duly promulgated policy statements, ordinances or

such a claim. Accordingly, Plaintiffs' First Amendment claim is hereby **DISMISSED**.

regulations," or by a custom that is such a persistent and widespread practice that, although not officially promulgated, it fairly represents a municipal policy. <u>Webster v. City of Houston</u>, 735 F.2d 838, 841 (5th Cir. 1984); <u>see</u> <u>also</u> <u>Zarnow v. City of Wichita Falls, Tex.</u>, 614 F.3d 161, 168–69 (5th Cir. 2010). To establish the "moving force" requirement, a plaintiff must show that the municipality's policy or custom that caused the alleged harm was either unconstitutional or "promulgated with deliberate indifference." <u>Piotrowski</u>, 237 F.3d at 578. Where a policy is facially constitutional, a plaintiff must demonstrate that the policy was promulgated with deliberate indifference that a known or obvious unconstitutional consequence would result. <u>Id.</u> at 579.

Plaintiffs allege that the City of Minden, through its police department, has an established policy or practice of using criminal laws to repossess property and rescind contracts on behalf of local businesses, regardless of probable cause. [Record Document 19 at ¶¶ 13, 19, and 24]. Plaintiffs allege that the policy is unconstitutional and was the moving force behind their unlawful arrest and malicious prosecution. Plaintiffs have also alleged that the policy was established, tolerated, and perpetuated by the Chief of Police, the City's decision-maker on matters of law enforcement. <u>Id.</u> at ¶¶ 19 and 24.

Plaintiffs have named a policymaker and identified a policy, which they allege to be the moving force behind the deprivation of their constitutional rights. Plaintiffs have also alleged that the policy is unconstitutional because its application leads to arrest without probable cause in violation of the Fourth and Fourteenth Amendments. In a

situation in which the ownership of property is the subject of a civil dispute, if the City

of Minden has a policy to use criminal statutes to recover that property for local

businesses without regard to probable cause or due process, such a policy would be

unconstitutional. Taking all of Plaintiffs' alleged facts as true, and viewing them in a

light most favorable to the Plaintiffs, the Court finds that there are sufficient facts to

state a plausible claim for relief.  Therefore, Defendants' motion to dismiss this claim is

**DENIED**.

### ii.    City of Minden's Failure to Train

The Plaintiffs allege that the City of Minden is liable under 42 U.S.C. § 1983 for

failing to properly train officers King and Kendrick, which contributed to Plaintiffs'

unlawful arrest and detention.  To establish a failure-to-train claim giving rise to

municipal liability under section 1983, a plaintiff must demonstrate: (1) inadequate

training procedures; (2) the inadequate training caused a violation of the plaintiff's

constitutional rights; and (3) the deliberate indifference of municipal policymakers.

Pineda v. City of Houston, 291 F.3d 325, 331–32 (5th Cir. 2002). Deliberate indifference

requires actual or constructive notice that a particular omission in a training program

causes city employees to violate citizens' constitutional rights, yet the municipality

nevertheless chooses to retain that program. Connick v. Thompson, 563 U.S. 51, 61

(2011).  A pattern of similar constitutional violations by untrained employees is

ordinarily necessary to demonstrate deliberate indifference. Id. "Without notice that a

course of training is deficient in a particular respect, decision makers can hardly be said

to have deliberately chosen a training program that will cause violations of constitutional rights." Id.

Plaintiffs allege that the City of Minden is liable under section 1983 due to its failure to properly train King and Kendrick as follows:

> in the law of motor vehicle transactions in that they were not provided training in what constitutes a contract of sale, good faith dealings, contract ratification, unfair trade practices concerning the use of dealerships to obtain return of property lawfully sold in a civil context through the use of criminal laws, the protections provided persons protected under the Americans with Disabilities Act, use of process or arrest to collect a debt not due, using criminal process to rescind a civil contract, [and] probable cause[].

[Record Document 19 at ¶ 19]. The City of Minden argues that Plaintiffs have merely offered conclusory allegations, which fail to meet the standard set forth in Monell. [Record Document 9 at p. 5].

Plaintiffs have not offered sufficient or specific facts regarding the City of Minden's actual training procedures or how those procedures were deficient. Moreover, Plaintiffs have offered no allegations regarding prior incidents similar to those that occurred in this case. Without a pattern of constitutional violations, Plaintiffs cannot demonstrate that the City of Minden acted with deliberate indifference. It is insufficient for Plaintiffs to provide conclusory allegations that their injuries could have been avoided through better training. Accordingly, Plaintiffs' claims regarding the City of Minden's alleged failure to train King and Kendrick are **DISMISSED**.

### iii. City of Minden's Failure to Supervise

Plaintiffs have also alleged that the City of Minden is liable pursuant to 42 U.S.C. § 1983 for failing to properly supervise King and Kendrick. [Record Document 19 at ¶ 19]. Municipal liability for failure to supervise requires a showing that: (1) a supervisor failed to supervise a subordinate official; (2) a causal link exists between the failure to supervise and the violation of plaintiff's constitutional rights; and (3) the failure to supervise amounts to deliberate indifference. Porter v. Epps, 659 F.3d 440, 446 (5th Cir. 2011). The standard for a plaintiff to demonstrate deliberate indifference is the same high standard that is required for allegations of failure to train, which generally requires the plaintiff to demonstrate a pattern of similar incidents causing injury to citizens. Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 383 (5th Cir. 2005).

Plaintiffs' allegations on this cause of action are threadbare. The Plaintiffs merely state that the City of Minden is liable for "failing to properly supervise [King and Kendrick] and failing to instruct and direct officers and deputies to not engage in unfair trade practices, and illegal debt collection practices." [Record Document 19 at ¶¶ 19 and 24]. Plaintiffs have not offered sufficient allegations to suggest that the City of Minden acted with deliberate indifference in the supervision of its officers. Plaintiffs provide no examples of other instances where citizens were allegedly harmed to demonstrate a pattern of violations. Therefore, Plaintiffs' claims against the City of Minden for failure to supervise are **DISMISSED**.

**B.  Plaintiffs' 42 U.S.C. § 1983 Claims against King and Kendrick**

Plaintiffs allege that King and Kendrick violated their constitutional rights under the Fourth and Fourteenth Amendments by withholding exculpatory evidence from a judge when seeking an arrest warrant. Plaintiffs also allege that King and Kendrick engaged in malicious prosecution.  Plaintiffs have sued King and Kendrick in their official and individual capacities.

**i.  Motion to Dismiss Kendrick**

Defendants move for the complete dismissal of Kendrick from this lawsuit arguing that Plaintiffs' Amended Complaint fails to provide any direct acts taken by Kendrick in connection with their claims. [Record Document 9 at p. 4 and Record Document 25 at p. 5].  The central issue throughout Plaintiffs' numerous claims is that they allegedly were arrested without probable cause.  Defendants argue that King was the officer who applied for the arrest warrant, and he was the officer who authored the affidavit in support thereof.  [Record Document 25 at p. 5]. Therefore, Defendants argue that only King may be held liable for constitutional violations stemming from a lack of probable cause. Id. Defendants argue that Plaintiffs merely allege that Officer Kendrick "acted in concert" with King, which Defendants contend is a legal determination couched as a factual allegation. Id.

Upon review, the Court finds that Plaintiffs' Amended Complaint does provide factual allegations regarding Kendrick.  Specifically, Plaintiffs assert that Kendrick had sufficient knowledge concerning the Plaintiffs' transaction with the dealership, that is,

that he was provided with a copy of the contract of sale itself, knew that Plaintiffs had paid a $2,000 cash deposit, and Plaintiffs had left their trade-in vehicle at the dealership. [Record Document 19 at ¶ 12]. These facts constitute indicia of a good faith sales contract and negate the elements of criminal intent. Plaintiffs also allege that Kendrick was aware that they had legal representation regarding their dispute with the dealership, another indicator that this was a civil dispute and not a felony criminal matter. Id. Plaintiffs also allege that King acted in concert and with Kendrick's knowledge when he applied for an arrest warrant without providing exculpatory evidence (presumably the deposit, the trade-in, and the hired lawyer) to the Judge. [Record Document 19 at ¶ 13]. Plaintiff does not allege however what specific acts by Kendrick constitute "acting in concert" with King. Accordingly, without examining the merits of Plaintiffs' claims regarding Kendrick, Defendants' motion is **DENIED** at this time.

### ii.    Official Capacity Suits

A suit brought against a defendant in his official capacity is effectively a suit against the governmental unit that employs the defendant. Monell, 436 U.S. at 690 n.55; Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996). Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. It is firmly established that a municipality cannot be held liable for the unconstitutional acts of its non-policy making employees under the theory of respondeat superior. Id. at 691. Therefore, it is appropriate to dismiss allegations against officers in their official

capacities where those allegations duplicate claims against the respective governmental entity. <u>Castro Romero v. Becken</u>, 256 F.3d 349, 355 (5th Cir. 2001).

Plaintiffs' claims against King and Kendrick are functionally equivalent to their claims against the City of Minden, and are therefore redundant.  Plaintiffs allege that King and Kendrick sought an arrest warrant without probable cause in connection with the City of Minden's unconstitutional policy to assist car dealerships in repossessing vehicles through the use of criminal procedure rather than a civil proceeding.  Plaintiffs' claim against the City of Minden regarding the alleged unconstitutional policy survives this motion to dismiss. Accordingly, Plaintiffs' claims against King and Kendrick in their official capacities are redundant, and are hereby **DISMISSED**.

### iii.    Individual Capacity Claims/Qualified Immunity

Defendants King and Kendrick have raised qualified immunity as a defense to Plaintiffs' section 1983 claims against them in their individual capacities for alleged violations of their Fourth and Fourteenth Amendments rights.  It is well established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

Once qualified immunity has been raised by a defendant, the burden is then upon the plaintiff to demonstrate the inapplicability of the defense. <u>McClendon v. City of Columbia</u>, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).  Qualified immunity is

"immunity from suit rather than a mere defense to liability." Id. Accordingly, the issue of whether qualified immunity applies should be resolved at the earliest possible stage in the litigation. Porter, 659 F.3d at 445. Resolving the issue early serves to protect officials from unwarranted liability and "costly, time-consuming, and intrusive" pre-trial discovery. Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).

The defense of qualified immunity involves a two-part inquiry: (1) whether the facts alleged or shown by the plaintiff demonstrate a violation of a constitutional right, and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. Harlow, 457 U.S. at 818. "The constitutional right must be sufficiently clear to put a reasonable officer on notice that certain conduct violates that right." Sanchez v. Swyden, 139 F.3d 464, 466 (5th Cir. 1998). A public official may assert the defense of qualified immunity even though a plaintiff's civil rights have been violated, provided that the official's conduct was objectively reasonable. Sanchez, 139 F.3d at 466-67. The standard of "objective reasonableness" ensures that officers are on notice that their conduct is unlawful before they are subjected to a lawsuit. Pearson v. Callahan, 555 U.S. 223, 244 (2009). Whether the actions of the official are objectively reasonable turns on the circumstances confronting the official as well as "clearly established law" in effect at the time of the official's conduct. Id. "The subjective intent of the officer is irrelevant, and the officer's knowledge of the law need not rise to the level of a 'constitutional scholar.'" Id. at 467 (citing Harlow, 457 U.S. at

815-17). A court may begin its analysis of qualified immunity with either prong. <u>Gibson v. Kilpatrick</u>, 773 F.3d 661, 666 (5th Cir. 2014).

Plaintiffs allege that Defendants King and Kendrick are liable to them pursuant to 42 U.S.C. § 1983 in their individual capacities for violations of their Fourth and Fourteenth Amendment rights. [Record Document 19 at ¶¶ 18 and 22]. Plaintiffs assert that King and Kendrick withheld exculpatory evidence from the Judge issuing the arrest warrant, which caused their arrest without probable cause. [Record Document 19 at ¶ 18]. Specifically, Plaintiffs allege that King and Kendrick were aware of, yet failed to inform the Judge of the following information: (1) Plaintiffs were instructed by counsel not to return the vehicle; (2) Plaintiffs provided a $2000.00 down payment; (3) Plaintiffs traded in a vehicle; (4) Plaintiffs had no prior criminal history; (5) the dealership debited payments from Plaintiffs' account; (6) the dealership was in the process of transferring the title of Plaintiffs' trade-in vehicle; (7) the dealership retained possession of the trade-in vehicle; (8) the parties signed a contract for sale of the vehicle in good faith; (9) the officers concluded that a sale had taken place; (10) John Wilson is legally blind; (11) the dealership verified Mariette Wilson's employment and John Wilson's disability payments as part of the transaction; and (12) Plaintiffs cooperated with the dealership to provide financial information. [Record Document 19 at ¶ 13]. Plaintiffs contend that all of the enumerated evidence known to King and Kendrick demonstrates that the parties executed a contract, and no criminal misrepresentations took place. <u>Id.</u>

It is a clearly established constitutional right to be free from arrest without probable cause. See Gerstein v. Pugh, 420 U.S. 103, 111-12 (1975). Qualified immunity will not protect a well-trained police officer that should have known that his affidavit seeking arrest failed to establish probable cause. Malley v. Briggs, 475 U.S. 335, 345 (1986).[5] An application for a warrant is not objectively reasonable where it creates an unnecessary danger of an unlawful arrest. Id. If an officer is aware of information casting doubt upon the information contained in a warrant affidavit, this may serve as evidence that a reasonably trained officer would have known that the search (or arrest) was illegal despite authorization by a magistrate judge. U.S. v. Leon, 468 U.S. 897, 922 n.23. The fact that a neutral magistrate issued an arrest warrant does not cure the underlying violation if the officers knowingly or recklessly included false information in the affidavit upon which the warrant was issued. Malley, 475 U.S. 335, 344 n.7. If exculpatory evidence is deliberately concealed, this violates a clearly established constitutional right to due process. Brown v. Miller, 519 F.3d 231, 238 (5th Cir. 2008). If an officer was merely negligent in his investigation before obtaining a warrant, liability does not attach. See Herrera v. Millsap, 862 F.2d 1157, 1160 (5th Cir. 1989).

Plaintiffs have alleged that King and Kendrick had sufficient information to know that there was no probable cause for their arrest. Moreover, Plaintiffs allege that King

---

[5] See also Winfrey v. San Jacinto County, 481 Fed.Appx. 969 (5th Cir. 2012) (noting that the same standard for "objective reasonableness" applied in the context of a suppression hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), defines the extent of qualified immunity provided to officers whose affidavit for a warrant allegedly caused an unconstitutional arrest.).

and Kendrick failed to provide the Judge issuing the warrant with any of the exculpatory evidence, which would have demonstrated that the matter involved a civil contract dispute rather than a criminal violation.  At this stage in the proceedings, Plaintiffs have pleaded sufficient facts for their section 1983 claims against King and Kendrick to proceed. Defendants may still reassert the qualified immunity defense in a motion for summary judgment if the law and facts justify such a filing.

### C.      Malicious Prosecution

Plaintiffs also assert a claim of malicious prosecution pursuant to 42 U.S.C. § 1983 against the City of Minden, King, and Kendrick.  Defendants correctly note that the Fifth Circuit has held that the U.S. Constitution does not contain a freestanding right to be free from malicious prosecution.  Deville v. Marcantel, 567 F.3d 156, 169 (5th Cir. 2009) (citing Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) (en banc)). A free-standing 42 U.S.C. § 1983 claim based solely on malicious prosecution fails as a matter of law. Cuadra v. Houston Indep. School Dist, 626 F.3d 808, 812-13 (5th Cir. 2010).  Plaintiffs must allege that officials violated other specific constitutional protections in connection with their malicious prosecution. Id. at 812.  Plaintiffs in this case have asserted violations of their Fourth and Fourteenth Amendment rights in connection with the issuance of the warrant leading to their arrest, which the Court has considered.  Accordingly, Plaintiffs' federal claim for malicious prosecution is **DISMISSED**.

## II.    Plaintiffs' State Law Claims

### A.    Unlawful Arrest

To properly state a claim for unlawful or false arrest under Louisiana law, Plaintiffs must demonstrate that they were unlawfully detained by the police.  Zerbe v. Town of Carencro, 04-422 (La. App. 3 Cir. 10/6/04), 884 So.2d 1224, 1228.  A detention is unlawful if it is made without color of legal authority. O'Connor v. Hammond Police Dept., 83-0009 (La. App. 1 Cir. 10/11/1983), 439 So.2d 558, 560 (La. App. 1 Cir. 1983). If an arrest is made pursuant to a warrant that is null and void on its face, a false arrest has occurred. Id. [6]  The burden lies with the plaintiff to prove that an arrest is made without legal authority. Id.  Plaintiffs also bear the burden of proving that the arrest affidavit presented to the magistrate contained misrepresentations. See State v. Smith, 80-2546 (La. 4/6/1981), 397 So.2d 1326, 1330.  If the affidavit supporting an arrest warrant was inadequate, the subsequent arrest based on the affidavit would be unlawful.  See State v. Cook, 81-0345 (La. 9/28/1981), 404 So.2d 1210, 1212.

---

[6] Louisiana Code of Criminal Procedure article 203 provides: The warrant of arrest shall: (1) Be in writing and be in the name of the State of Louisiana; (2) State the date when issued and the municipality or parish where issued; (3) State the name of the person to be arrested, or, if his name is unknown, designate the person by any name or description by which he can be identified with reasonable certainty; (4) State the offense charged against the person to be arrested; (5) Command that the person against whom the complaint was made be arrested and booked; and (6) Be signed by the magistrate with the title of his office. The warrant of arrest may specify the amount of bail in noncapital cases when the magistrate has authority to fix bail.

Plaintiffs have not alleged that the warrant itself was facially null or void, or that it did not meet the requirements set forth in Louisiana Code of Criminal Procedure article 203. However, Plaintiffs have alleged that the warrant for their arrest was issued without probable cause because King and Kendrick failed to provide exculpatory evidence to the Judge. Defendants move for the dismissal of Plaintiffs' claim, arguing that probable cause existed. Whether probable cause existed necessarily requires the Court to weigh the evidence, which is more properly considered in the context of a motion for summary judgment. Plaintiffs have alleged specific facts which if true would tend to prove that they were arrested without probable cause, which caused them financial and emotional harm. This is sufficient to state a claim. Defendants' motion to dismiss is **DENIED**.

### B. Malicious Prosecution

To properly state a claim for malicious prosecution under Louisiana law, Plaintiffs must allege facts to support the following elements: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. Waste Management v. Parish of Jefferson, 947 F.Supp.2d 648, 656 (E.D. La. 2013) (citing Hibernia Bank of New Orleans v. Bollester, 66157 (La. 5/19/1980), 390 So.2d 842.

Defendants argue that the existence of probable cause and the issuance of a properly signed arrest warrant preclude a viable claim for malicious prosecution. [Record Document 9 at p. 10]. Probable cause is the standard of proof used to defend a claim of malicious prosecution. Jenkins v. Baldwin, 2000-0802 (La. App. 4 Cir. 8/29/01), 801 So.2d 485, 496. However, where charges have been dropped there is a presumption of want of probable cause in a suit for malicious prosecution based on the discharge. Hope v. City of Shreveport, 37,759 (La. App. 2 Cir. 12/17/03), 862 So.2d 1139, 1143. The burden is on defendant to show they acted on probable cause and without malice. Id. Malice may be inferred from a lack of probable cause, or from a finding that the defendant acted with reckless disregard of the plaintiff's rights. Jenkins, 801 So.2d at 497 (citing Miller v. East Baton Rouge Parish Sheriff, 86-C-1696 (La. 7/28/1987), 511 So.2d 446, 453. A dismissal by the prosecutor pursuant to Louisiana Code of Criminal Procedure article 691, nolle prosequi, constitutes a bona fide termination in a plaintiff's favor for the purposes of a malicious prosecution suit. Lemoine v. Wolfe, 2014-1546 (La. 3/17/15), 168 So.3d 362, 370-71.

Plaintiffs have alleged the following actions in support of their claim: (1) a felony prosecution was commenced against them; (2) the prosecution was caused by Kendrick and King obtaining a warrant and presenting the case to the Webster Parish District Attorney; (3) the felony charges were terminated in Plaintiffs' favor by dismissal; (4) there was no probable cause for their arrest because the surrounding facts suggest that the matter involved a civil disagreement on a sales contract, not a criminal violation;

(5) malice may be inferred due to the lack of probable cause; and (6) Plaintiffs were damaged financially and in their loss of liberty.

All of the required elements are contained in Plaintiffs' Amended Complaint. Whether Plaintiffs will ultimately be successful in their claim will turn on the question of probable cause. This determination will require the Court to examine the sufficiency of the evidence, especially in light of the prosecutor's dismissal of the charges against the Wilsons. Accordingly, Defendants' motion to dismiss Plaintiffs' state-law claim for malicious prosecution is **DENIED**.

### C.    Abuse of Process

Plaintiffs did not specifically label a claim "abuse of process" in their Amended Complaint. [Record Document 19]. However, Plaintiffs argue that such a claim is "fairly derived" from the alleged facts, and a second amended complaint could be filed to specifically add this cause of action. [Record Document 27 at p. 13]. Although Plaintiffs did not specifically allege abuse of process, they did allege that Defendants are liable to them pursuant to Louisiana Civil Code article 2315. Abuse of process is a common law tort, which Louisiana Courts have held to be actionable under Louisiana law through Civil Code article 2315. Waguespack, Seago and Carmichael APLC v. Lincoln, 99-2016, (La. App. 1 Cir. 9/22/00) 768 So.2d 287, 290. A plaintiff is not required to specify the legal theory of recovery to claim relief. Johnson v. City of Shelby, Mississippi, 135 S.Ct. 346 (2014). Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need only give the defendant fair notice of what the claim is

23

and the facts upon which it rests.  Twombly, 550 U.S. at 555.  Given the lengthy factual allegations contained in the Amended Complaint, the Court finds that Plaintiffs have stated a claim for relief under the theory of abuse of process, and Defendants have been provided fair notice of the claim. Defendants move to dismiss this claim without providing an analysis as to why dismissal is proper. [Record Document 25 at p. 4].

Abuse of process involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law. Goldstein v. Serio, 5153 (La. App. 4 Cir. 11/19/1986), 496 So.2d 412, 415. To properly state a claim for abuse of process, a plaintiff must allege two essential elements: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding. Waguespack, 768 So.2d at 290-91. The regular use of process does not constitute an abuse. Id. at 292.  There must be a showing of an abuse through an illegal, improper, or irregular use of process. Id.

Plaintiffs allege that the Defendants sought an arrest warrant without probable cause in an effort to force the return of the Dodge Charger in furtherance of the City of Minden's policy to assist car dealerships in recovering property through criminal proceedings rather than a civil proceeding. Plaintiffs allege that the ulterior motive was the collection of the vehicle on behalf of the dealership. The improper act is alleged to be the filing of criminal charges without probable cause.  The allegations are sufficient to state a cause of action. Defendants' motion to dismiss is **DENIED** on this issue.

### D.    Louisiana Unfair Trade Practices

Plaintiffs have asserted a claim of unfair trade practices for alleged illegal debt collection practices in violation of La. R.S. 51:1401 et seq against the City of Minden, King, and Kendrick. The Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA") states: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." LUTPA provides a cause of action for trade practices that are unfair, and for those which are deceptive. Jefferson v. Chevron USA Inc., 98-0254 (La. App. 4 Cir. 5/20/98), 713 So.2d 785, 792. To recover, a plaintiff must "prove some element of fraud, misrepresentation, deception, or unethical conduct." Omnitech Intern., Inc. v. Clorox Co., 11 F.3d 1316, 1332 (5th Cir. 1994). "Trade" and "Commerce" are defined by LUTPA as "advertising, offering for sale, sale, or distribution of any services and any property, corporeal or incorporeal, immovable or movable, and any other article, commodity, or thing of value wherever situated, and includes any trade or commerce directly or indirectly affecting the people of the state." La. R.S. 51:1402(10).

Plaintiffs cannot properly state a cause of action under LUTPA against the City of Minden, King, or Kendrick because these Defendants were not involved in any conduct that could be considered trade or commerce as defined by the act. La. R.S. 51:1402(10).  The City of Minden, King, and Kendrick did not engage in sales, distribution, or offer services affecting the people of the state of Louisiana. Accordingly, Plaintiffs' claims against the City of Minden, King, and Kendrick under LUTPA are **DISMISSED**.

Defendants request that the Court grant their attorney fees and cost associated with defending Plaintiffs' LUTPA claim. La. R.S. 51:4109(A) provides that "upon a finding by the court that an action under this section was groundless and brought in bath faith or for the purposes of harassment, the court may award to the defendant reasonable attorney fees and costs." Plaintiffs have failed to state a proper claim, but the Court does not find that Plaintiffs alleged a LUTPA claim in bad faith or merely for the purpose of harassment. Therefore, Defendants' request for attorney fees and costs is **DENIED**.

## CONCLUSION

For the foregoing assigned reasons, Defendants' Motions to Dismiss [Record Documents 9 and 25] are hereby **GRANTED IN PART** and **DENIED IN PART**.

Specifically, Defendants' motion is **GRANTED** as to the following claims, and they are hereby **DISMISSED**: (1) 42 U.S.C. § 1983 First Amendment against King, Kendrick, and the City of Minden, (2) 42 U.S.C. § 1983 against the City of Minden for failure to train; (3) 42 U.S.C. § 1983 against the City of Minden for failure to supervise; (4) all claims against King in his official capacity; (5) all claims against Kendrick in his official capacity; (6) 42 U.S.C. § 1983 malicious prosecution against King, Kendrick, and the City of Minden; and (7) LUTPA claims against King, Kendrick, and the City of Minden.

Defendants' motion is **DENIED** as to the following claims: (1) 42 U.S.C. § 1983 against the City of Minden for its alleged unconstitutional policy of assisting local businesses through the use of criminal proceedings; (2) claims against King in his

individual capacity based on alleged violations of Plaintiffs' Fourth and Fourteenth Amendment rights; (3) claims against Kendrick in his individual capacity based on alleged violations of Plaintiffs' Fourth and Fourteenth Amendment rights; (4) Louisiana unlawful arrest against King, Kendrick, and the City of Minden; (5) Louisiana malicious prosecution against King, Kendrick, and the City of Minden; and (6) Louisiana abuse of process against King, Kendrick, and the City of Minden.

Defendants' motion for attorney fees and costs associated with defending Plaintiffs' LUTPA claim is also **DENIED**.

**THUS DONE AND SIGNED**, this 1st day of February, 2018.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE